Therefore, as the plaintiff has made no attempt to withstand defendant's motion for summary judgment as to her state law claims, we will grant defendant's motion and dismiss Count III in its entirety.

### IV. Conclusion

For the foregoing reasons, defendant's motion for summary judgment shall be granted in its entirety. An appropriate Order follows.

### ORDER

AND NOW, to-wit, this 13th day of November, 2003, for the reasons set forth in the accompanying Opinion, it is hereby ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment (Doc. 12) be and hereby is GRANTED IN ITS ENTIRETY.

Judgment be and hereby is entered in favor of the defendant, Port Authority of Allegheny County, and against the plaintiff, Barbara A. Zezulewicz, and the Clerk of Court be and hereby is directed to mark this case as "closed."

## William CARRERRAS, Appellant,

### v.

## GOVERNMENT OF THE VIRGIN ISLANDS Appellee.

### Nos. D.C. CRIM.APP. 92–85, T.C. CRIM. NO. F125–.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

April 11, 1994.

Leslie Payton, Territorial Public Defender, St. Thomas, VI, for Appellant.

Pamela Lynn Wood, Asst. Atty. General, V.I. Department of Justice, St. Thomas, VI, for Appellee.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; JAMES T. GILES, Judge of the United States District Court for the Eastern District of Pennsylvania, Sitting by Designation; and JULIO A. BRADY, Judge of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

### JUDGMENT OF THE COURT

MOORE, Chief Judge.

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands, having been submitted on the briefs without oral argument. Appellant challenges the Territorial Court's conviction based on the Government's alleged failure to disprove that appellant was acting in self-defense. After due consideration,

IT IS on this 11 day of April, 1994, hereby **ORDERED AND ADJUDGED** that the judgment of the Territorial Court is **AFFIRMED**.

## Kennard A. SMITH, Appellant,

### v.

## GOVERNMENT OF THE VIRGIN ISLANDS Appellee.

### Nos. D.C. CRIM.APP.NO. 92, T.C. CRIM.NO. F297–9.

District Court, Virgin Islands, Appellate Division. D. St. Thomas and St. John.

April 11, 1994.

challenges the Territorial Court's acceptance of appellant's plea of guilty. After due consideration,

IT IS on this _11_ day of April, 1994, hereby ORDERED that the above-captioned appeal is DISMISSED for lack of jurisdiction [2].

Leslie Payton, Territorial Public Defender, St. Thomas, VI, for Appellant.

Elliot M. Davis, Asst. Atty. General, V.I. Department of Justice, St. Thomas, VI, for Appellee.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; JAMES T. GILES, Judge of the United States District Court for the Eastern District of Pennsylvania, Sitting by Designation; and JULIO A. BRADY, Judge of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

### ORDER

MOORE, Chief Judge.

This matter is before the Court on appeal from the Territorial Court of the Virgin Islands, having been submitted on the briefs without oral argument [1]. Appellant

Mario SKELTON, Appellant,

v.

GOVERNMENT OF THE VIRGIN ISLANDS Appellee.

Nos. D.C. CRIM.APP. NO. 9, T.C. CRIM.NO. F155–9.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

April 11, 1994.

Victor G. Schneider, Chief, Territorial Public Defender, St. Thomas, VI, for Appellant.

Elliot M. Davis, Asst. Atty. General, V.I. Department of Justice, St. Thomas, VI, for Appellee.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; JAMES T. GILES, Judge of the United States District Court for the Eastern District of Pennsylvania, Sitting by Designation; and JULIO A. BRADY, Judge of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

---

1. Appellant inaccurately relies on *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), which holds that if a plea is given with an assertion of innocence, without more such as a record evidencing guilt, the plea may be invalid. In doing so, appellant mischaracterizes *Alford's* holding and his own plea of guilty, which was offered voluntarily without an assertion of innocence and in consideration of the strong evidence of appellant's guilt. *See* Appendix for Appellant at 37–39.

2. Appellant's motion to amend his brief is therefore denied as moot.